IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| HCG PLATINUM, LLC, | MEMORANDUM DECISION AND ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS |
| Plaintiff, | |
| vs. | |
| PREFERRED PRODUCT PLACEMENT CORPORATION, | Case No. 2:11-CV-496 TS |
| Defendant. | |
| PREFERRED PRODUCT PLACEMENT CORPORATION, | |
| Counter-Claimant, | |
| vs. | |
| HCG PLATINUM, LLC, | |
| Counter-Claim Defendant. | |

1

This matter is before the Court on Third Party Defendants' Right Way Nutrition LLC, Kevin Wright, and Ty Mattingly's (collectively "Third-Party Defendants") Motion to Dismiss[1] of Preferred Product Placement Corporation's ("PPPC") Third-Party Complaint. For the reasons discussed below, the Court will grant the Motion to Dismiss.

## I.  STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to plaintiff as the nonmoving party.[2]  The plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[3]  All well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party.[4]  But, the court "need not accept . . . conclusory allegations without supporting factual averments."[5]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]  The Supreme Court has explained that a plaintiff

---

[1] Docket No. 5.

[2] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[7]

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[8]

The Supreme Court recently provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[9] In *Iqbal*, the Court reiterated that while FED.R.CIV.P. 8 does not require detailed factual allegations, it nonetheless requires "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]."[10] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[11] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[12]

## II.  FACTUAL BACKGROUND

In March 2010, PPPC and HCG Platinum, LLC ("HCG") entered into two contracts: a Marketing Agreement and a Non-Circumvent Agreement.[13] The two signatories of both

---

[7] *Twombly*, 550 U.S. at 547.

[8] *The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[9] 129 S.Ct. 1937 (2009).

[10] *Id*. at 1949.

[11] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[12] *Id*. (quoting *Twombly*, 550 U.S. at 557).

[13] Docket No. 2, at 10, 12.

agreements were PPPC and HCG.[14]  Pursuant to the Marketing Agreement, PPPC was to provide marketing and broker services to HCG.  In return, PPPC was to be paid specified percentages of net sales with respect to certain stores located on appendices of the Marketing Agreement.[15]

According to the Third Party Complaint, Kevin Wright informed PPPC that HCG would no longer comply with certain aspects of the Marketing Agreement.[16]  HCG then filed suit against PPPC in Utah state court seeking to invalidate the Marketing Agreement.  PPPC initiated this action against HCG and Third Party Defendants for damages and injunctive relief resulting from the anticipatory breach and breach of the two contracts.

## III.  DISCUSSION

In its Third Party Complaint, PPPC alleges two causes of action, both for breach of contract.  PPPC asserts that Third Party Defendants, as alter egos of HCG, breached the Marketing Agreement and the Non-Circumvent Agreement.[17]  PPPC does not, however, specifically set forth a separate alter ego/piercing of the corporate veil claim against the Third Party Defendants.

---

[14] Docket No. 13, at 2.

[15] Docket No. 2, at 12.

[16] Docket No. 2, at 11-12.

[17] *Id*. at 8.

A.      BREACH OF MARKETING AGREEMENT

PPPC alleges that the Third Party Defendants breached the Marketing Agreement. Pursuant to the Marketing Agreement, Utah law governs any dispute.[18]  In Utah, the elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.[19]  Third Party Defendants argue that PPPC has failed to bring forth sufficient evidence to support a breach of contract claim against them in their individual capacities.  Specifically, Third Party Defendants argue that PPPC has failed to demonstrate that it had an enforceable agreement with each of them.  Although PPPC does not allege a contract with the Third Party Defendants, PPPC's breach of contract claim against these defendants is inextricably linked to its alter ego theory.

The alter ego theory provides another means for a breach of contract action to be maintained by or against a non-party to a contract.  In order to plead the alter ego theory, PPPC must plead sufficient facts to show that "(1) such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, but the corporation is, instead, the alter ego of one or a few individuals, and (2) if observed, the corporate form would sanction a fraud, promote injustice, or result in an inequity."[20]

It appears that PPPC's theory of alter ego asserts that Third Party Defendants should be held individually liable for the alleged breach of the Marketing Agreement.  PPPC alleges that

---

[18] Docket No. 2-1, at 3.

[19] *Bair v. Axiom Design, LLC*, 20 P.3d 388, 392 (Utah 2001).

[20] *d'Elia v. Rice Dev., Inc.*, 147 P.3d 515, 522 (Utah Ct. App. 2006)

5

Third Party Defendants acted as the alter ego of each other "in commingling business operations and funds, having failed to observe corporate formalities, having represented to the public that they are one in the same, and having formed shell business entities to avoid valid debts."[21]

Third Party Defendants argue that PPPC has not provided sufficient allegations that Third Party Defendants are alter egos of HCG because the two contracts were negotiated by two sophisticated entities in an arms length transaction.  Further, Third Party Defendants argue that there are no allegations that the Third Party Defendants had any personal involvement with the contractual relationship between HCG and PPPC.

Merely alleging that Third Party Defendants are alter egos of HCG is not enough to satisfy the pleading requirements of Rule 8(a) as interpreted by *Twombly* and its progeny.[22] Although under federal notice pleading, Third Party Plaintiff is not required to plead extensive facts, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[23]  The Third Party Complaint contains no allegations that any actions by Right Way Nutrition and Ty Mattingly caused any harm to PPPC, or that HCG held them out as part of the contractual relationship.  Instead, the Third Party Complaint simply lists them as parties.

The Third Party Complaint does allege that Kevin Wright acted as an agent on behalf of HCG in communicating with PPPC.  However, PPPC does not plead sufficient facts to permit a reasonable inference that such a unity of interest and ownership existed between HCG and Kevin

---

[21] Docket No. 2, at 8.

[22] *Twombly*, 550 U.S. at 555-556.

[23] *Id*. at 555.

Wright to justify disregarding their separate identities and treating both entities as one.  Rather, the Third Party Complaint makes the conclusory allegation that the Third Party Defendants acted as alter egos, providing no factual averments to support this conclusion.  Such a pleading is insufficient.  Therefore, the Court finds that the Third Party Complaint fails to state a claim upon which relief can be granted.

B.      BREACH OF NON-CIRCUMVENT AGREEMENT

PPPC also alleges that Third Party Defendants breached the Non-Circumvent Agreement. Pursuant to this Agreement, California law governs any dispute.[24]  Same as above, Third Party Defendants argue that (1) PPPC has failed to bring forth sufficient allegations to support a breach of contract claim against them in their individual capacities,  and (2) that PPPC has failed to demonstrate that it had an enforceable agreement with Third Party Defendants.

For this cause for action, the Third Party Complaint includes only the conclusory allegation that there was a breach by HCG.  For this reason, the breach of contract fails as against the Third Party Defendants.  The alter ego claim against the Third Party Defendants similarly fails.  In California, in order to establish liability under an alter ego theory, PPPC  must allege that 1) there is "such a unity of interest and ownership between the two corporations that their separate personalities no longer exist," and 2) "an inequitable result would follow if [Third Party Defendants] were not held liable."[25]  For the same reasons set forth in the preceding section, the Court finds that PPPC has failed to allege sufficient allegations to support an alter ego theory.

---

[24] Docket No. 2-2, at 3.

[25] *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 742 (Cal. Ct. App. 1998).

7

C.      LEAVE TO AMEND

In its opposition, Third Party Plaintiff requests leave to amend.  Third Party Defendants do not appear to oppose.  Federal Rules of Civil Procedure 15 provides that a party may amend its pleading with leave of the court and that the court should freely give leave when justice so requires.  The Court will grant the Third Party Plaintiff leave to file an Amended Third Party Complaint to attempt to address the defects highlighted in this Order.

## IV.  CONCLUSION

It is therefore

ORDERED that Third Party Defendants' Motion to Dismiss (Docket No. 5) is GRANTED and the Third Party Complaint is Dismissed without prejudice.  Third Party Plaintiff may file an Amended Third Party Complaint within thirty (30) days of this Order.  The November 29, 2011 hearing is STRICKEN.


DATED   October 26, 2011.

BY THE COURT:


_____

TED STEWART
United States District Judge