**UNITED STATES DISTRICT COURT DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| HCG PLATINUM, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>PREFERRED PRODUCT PLACEMENT<br>CORPORATION,<br><br>      Defendant.<br>──────────────────────<br>PREFERRED PRODUCT PLACEMENT<br>CORPORATION,<br><br>      Counterclaimant,<br><br>v.<br><br>HCG PLATINUM, LLC<br><br>      Counterclaim Defendant.<br><br>──────────────────────<br>PREFERRED PRODUCT PLACEMENT<br>CORPORATION,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>RIGHT WAY NUTRITION LLC; KEVIN<br>WRIGHT; TY MATTINGLY; ANNETTE<br>WRIGHT; PRIMARY COLORS, LLC;<br>WEEKES HOLDINGS, LLC; and JULIE C.<br>MATTINGLY;<br><br>      Third-Party Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br>Case No. 2:11-cv-496<br><br>Judge Robert J. Shelby |

**BACKGROUND**

Plaintiff HCG Platinum sued Defendant Preferred Product Placement Corporation (PPPC) for an alleged breach of the parties' Manufacturer's Representative Agreement.  HCG Platinum sought a declaratory judgment that it properly terminated the contract, along with damages for PPPC's alleged breach.  PPPC counterclaimed against HCG Platinum, bringing two claims for breach of the Manufacturer's Representative Agreement and the Noncircumvent Agreement.  PPPC also sued a number of third parties associated with HCG Platinum, alleging that the third parties were alter egos of HCG Platinum.

Shortly before the trial was set to begin, the court granted a motion in limine that prevented PPPC from introducing any evidence of damages at trial.  The court granted the motion because PPPC failed to comply with Federal Rule of Civil Procedure 26, which requires plaintiffs to disclose and supplement a computation of damages.[1]  Subsequently, the court granted HCG Platinum's Motion for Judgment and entered judgment against PPPC on its breach-of-contract claims and alter ego theory.  HCG Platinum then stipulated to dismissing its affirmative claim without prejudice.

Before the court is HCG Platinum's Motion for Attorneys' Fees.[2]  The parties' Manufacturer's Representative Agreement provided that "[t]he prevailing party shall be entitled attorneys' costs and fees."  HCG Platinum moves for attorneys' fees pursuant to that provision, arguing that it was the prevailing party.

---

[1] FED. R. CIV. P. 26.

[2] HCG Platinum states that it moves for attorneys' fees as the plaintiff in this lawsuit.  The same attorneys represented HCG Platinum and Third-Party Defendants.  The billing statements submitted with HCG Platinum's motion include work performed on behalf of HCG Platinum and Third-Party Defendants.  Further, HCG Platinum states in its motion that it only seeks attorneys' fees and costs associated with defending against PPPC's claims.  The court therefore construes the motion as one seeking attorneys' fees and costs related to HCG Platinum's and Third-Party Defendants' defense against PPPC's claims.

## ANALYSIS

Whether a party is entitled to attorneys' fees in a diversity suit is a substantive question controlled by state law.[3]  Neither party disputes that Utah law governs the question at hand.[4] Utah law dictates that a prevailing or successful party may recover attorneys' fees "only if provided for by statute or contract and, if by contract, only as the contract allows by its terms."[5]

When a contract allows a prevailing party to recover fees and costs, Utah courts apply "a flexible and reasoned approach for determining which party has emerged the comparative winner."[6]  This approach usually starts by applying the net-judgment rule, which "requires not only consideration of the significance of the net judgment in the case, but also looking at the amounts actually sought and then balancing them proportionally with what was recovered."[7] The net-judgment rule should not be mechanically applied, especially when the lawsuit involves multiple parties and claims.[8]  When faced with such a situation, courts may consider "whether one party prevailed on the most significant issues underlying the dispute."[9]  Utah courts may also consider a nonexhaustive list of factors that include "(1) contractual language, (2) the number of claims, counterclaims, cross-claims, etc., brought by the parties, (3) the importance of the claims

---

[3] *Boyd Rosene & Associates, Inc. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1352 (10th Cir. 1997).

[4] The Manufacturer's Representative Agreement provides that Utah law governs any dispute related to the contract.  PPPC also brought a claim for breach of the Noncircumvent Agreement.  California law governs the Noncircumvent Agreement.  PPPC does not argue that California law should govern the question whether HCG Platinum is entitled to attorneys' fees.  It is also doubtful that the Noncircumvent Agreement retains any validity in light of an unambiguous merger clause in the Manufacturer's Representative Agreement that extinguishes "any other oral or written agreements" between the parties.  The court therefore applies Utah law.

[5] *Olsen v. Lund*, 246 P.3d 521, 522 (Utah Ct. App. 2010) (quoting *Mountain States Broad. Co. v. Neale*, 783 P.2d 551, 555 (Utah Ct. App. 1989)).

[6] *Id.* at 523 (internal citations and quotation marks omitted).

[7] *Id.* (quoting *A.K. & R. Whipple Plumbing & Heating v. Aspen*, 94 P.3d 270, 277 (Utah 2004)).

[8] *See, e.g.*, *Stichting Mayflower Recreational Fonds v. Newpark Res., Inc.*, 917 F.2d 1239, 1248 n.9 (10th Cir. 1990); *Mountain States*, 783 P.2d at 557.

[9] *Stichting Mayflower*, 917 F.2d at 1248 n.9.

relative to each other and their significance in the context of the lawsuit considered as a whole, and (4) the dollar amounts attached to and awarded in connection with the various claims."[10]

HCG Platinum was the comparative winner under the net-judgment rule because it prevailed on the most significant issue. The parties spent most of their time litigating PPPC's claims and alter ego theory. PPPC brought two breach-of-contract claims, sought $7 million in damages, and asserted alter ego liability against a number of Third-Party Defendants. A majority of the discovery and all the dispositive-motion practice focused on PPPC's case, particularly its alter ego theory. PPPC planned to take a majority of the time at trial to try its case-in-chief and submitted over four times as many exhibits for its case-in-chief than HCG Platinum submitted for its respective case-in-chief. What's more, HCG Platinum's claim was essentially an attack on PPPC's claims in that HCG Platinum was seeking a declaratory judgment that it lawfully terminated the Manufacturer's Representative Agreement and that it was not liable for breach. Both parties' cases revolved around the question whether HCG Platinum breached the Manufacturer's Representative Agreement, meaning HCG Platinum could have prevailed by proving its own claim or defeating PPPC's claims.

In the end, the court concludes that the most significant issue was PPPC's assertion that HCG Platinum and its alleged alter egos were liable for breach. HCG Platinum prevailed on that issue when the court granted the Motion for Judgment and entered judgment against PPPC on PPPC's claims and alter ego theory. In addition, HCG Platinum did not suffer an adverse judgment on its claim and voluntarily dismissed its claim without prejudice only after the court entered judgment on PPPC's claims.

The factors that Utah courts apply also support the conclusion that HCG Platinum was the prevailing party. First, the contract provided that the prevailing party would be entitled to

---

[10] *R.T. Nielson Co. v. Cook*, 40 P.3d 1119, 1127 (Utah 2002).

attorneys' fees.  Second, although PPPC asserted only two claims, it unsuccessfully sought alter ego liability against a number of parties.  Third, as discussed above, PPPC's claims were the most significant issue in the case.  Fourth, PPPC sought but failed to recover over $7 million in damages while HCG Platinum primarily pursued a declaratory judgment and abandoned any pursuit of damages before trial.

As a final matter, the court has examined HCG Platinum's supporting affidavit and billing statements and determines that HCG Platinum's costs and fees of $114,554.22 are reasonable. This lawsuit was pending from June 2011 until September 2015.  The parties engaged in significant discovery, briefed and argued multiple dispositive motions, and prepared for a five- to seven-day trial.  Lastly, HCG Platinum's attorneys billed a reasonable hourly fee and seek only costs and fees associated with defending against PPPC's claims.

### CONCLUSION

The court GRANTS HCG Platinum's Motion for Attorneys' Fees and Costs (Dkt. 108) in the amount of $114,554.22.

**SO ORDERED** this 27th day of October, 2015.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge