Cecil R. Hedger, Esq.  1447
1052 East South Union Avenue
Midvale, Utah 84047
Tel:    801-673-3677
Fax:    801-432-7557

Scott E. Schutzman, Esq.  SBN 140962
LAW OFFICES OF SCOTT E. SCHUTZMAN
3700 South Susan Street, Suite 120
Santa Ana, California 92704
Tel:    714-543-3638
Fax:    714-245-2449

Attorneys for Preferred Product Placement Corporation

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CIVIL DIVISION**

| | |
|---|---|
| HCG PLATINUM, LLC ) | Case No.: 2:11-cv-00496 |
| ) | Hon. Robert J. Shelby |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PREFERRED PRODUCT PLACEMENT ) | **DEFENDANT PREFERRED PRODUCT** |
| CORPORATION, ) | **PLACEMENT CORPORATION'S** |
| ) | **MOTION FOR A RULE 54(b)** |
| Defendant. ) | **CERTIFICATION OF FINALITY** |
| _____ ) | **SO APPEAL MAY PROCEED** |
| PREFERRED PRODUCT PLACEMENT ) | |
| CORPORATION, ) | |
| ) | |
| Counter-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| HCG PLATINUM, LLC, ) | |
| ) | |
| Counter-Claim Defendant. ) | |
| _____ ) | |

| | |
|---|---|
| PREFERRED PRODUCT PLACEMENT CORPORATION, a Nevada corporation, | ) ) ) |
| Third Party Plaintiff, | ) ) |
| v. | ) ) |
| RIGHT WAY NUTRITION LLC, a Utah Limited Liability Company; KEVIN WRIGHT, an individual; TY MATTINGLY, an individual; ANNETTE WRIGHT, an individual; PRIMARY COLORS, LLC, a Utah Limited Liability Company; WEEKES HOLDINGS, LLC, a Utah Limited Liability Company; and JULIE C. MATTINGLY, an individual, | ) ) ) ) ) ) ) ) ) ) |
| Third Party Defendants. | ) ) |

Defendant/Counter-Claimant/Third Party Plaintiff, Preferred Products Placement Corporation, hereinafter "PPPC," through counsel, hereby submits its motion for certification under Rule 54(b) to certify the dismissal in this case as a final judgment so the pending appeal may proceed.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION.**

On September 17, 2015, the court entered judgment against PPPC on its contract claims and alter ego theory. On September 21, 2015, in response to the Notice of Voluntary Dismissal (Docket No. 106) filed by Plaintiff/Counter-Claim Defendant HCG Platinum LLC, hereinafter "HCG," the court struck the scheduled trial and directed the clerk to close the case. On October 15, 2015, PPPC filed a notice of appeal. On November 5, 2015, the Tenth Circuit indicated that

because HCG's claims were dismissed without prejudice, the Tenth Circuit lacked jurisdiction over the appeal. The Tenth Circuit ordered PPPC, within 30 days of the order, to file a copy of a district court order adjudicating HCG's claims or, if appropriate, certifying its judgment as to PPPC's claims as final pursuant to Fed. R. Civ. P. 54(b).

On November 9, 2015, PPPC's counsel, Mr. Schutzman, sent an email to HCG's counsel, Mr. Schmutz, asking him if he would agree to dismiss HCG's claims with prejudice as Mr. Schutzman assumed that HCG did not wish to adjudicate its claims as HCG dismissed them albeit without prejudice. See Declaration of Scott E. Schutzman at Exhibit "C," the 11/9/15 email. PPPC also points out that at various points in the litigation, i.e., at the pretrial conference on September 2, 2015, and in the motion for attorney's fees filed by HCG on September 25, 2015, Mr. Schmutz and HCG have taken the position that the purpose of the complaint was not to obtain damages but to limit PPPC's damages. See Schutzman Declaration at paragraph 5. In light of all the foregoing, this court should certify its judgment as final pursuant to Rule 54(b) so that PPPC can get on with its appeal.

## II.  THIS COURT MAY DETERMINE THAT THERE IS NO JUST REASON FOR DELAY AND THAT BASED UPON THE RECORD, A DETERMINATION OF FINALITY IS AMPLY SUPPORTED.

Federal Rules of Civil Procedure 54(b) provides that when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all the claims or parties only after an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The court must clearly articulate its reasons and make careful statements based upon the records supporting the determination of finality and no just reason for delay. On September 17, 2015, this court granted HCG and third party defendants' motion (Docket 104) to enter judgment

against PPPC on its contract claims and alter ego theory. See Schutzman Declaration at Exhibit "A." On September 21, 2015, this court struck the scheduled trial date and directed the clerk to close the case based upon a stipulation for voluntary dismissal (Docket 107) of HCG's complaint. On November 9, 2015, counsel for PPPC asked HCG to stipulate to a dismissal with prejudice for its claims or for a stipulation for finality pursuant to Rule 54(b). Counsel for PPPC did not receive a response. It is apparent that HCG does not wish to try its claims since it stipulated to its dismissal within a day or two of the trial date which has been set.

At the pretrial conference, Mr. Schmutz indicated that the premise of the complaint in this case was never to assert damages but only to limit PPPC's damages. See Schutzman Declaration at paragraph 5. In fact, in page 5 of HCG's motion for attorneys' fees, Mr. Schmutz repeated that assertion. While there is a policy preventing piecemeal appeals, the factors the district court should consider are whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Curtis-Wright Corp., 446 US at 8, 100 S.Ct. 1460 cited at Stockman Water Co. v. Vaca Partners 425 F.3d 1263, 1265 Tenth Cir. 2005*. In light of the foregoing, this court may find and certify this case final under Rule 54(b) so that the appeal may proceed. No purpose will be served by finding to the contrary.

### III. CONCLUSION.

For all the reasons stated above, PPPC asks this court to certify this case as final under Rule 54(b) so the appeal may proceed.

Date: November 12, 2015            By:    */s/ Scott E. Schutzman*_____
                                          Scott E. Schutzman
                                          Attorney for Preferred Product Placement
                                          Corporation (PPPC)

4

# DECLARATION OF SCOTT E. SCHUTZMAN

I, Scott E. Schutzman, declare:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and have been granted pro hac vice status to practice before this court. I also have been recently admitted to the Tenth Circuit Court of Appeal.

2. Attached hereto as Exhibit "A" is a true and correct copy of the September 17, 2015 order of this court dismissing PPPC's claims in this matter (Docket 104).

3. Attached hereto as Exhibit "B" is a true and correct copy of the September 21, 2015 order striking the trial and directing the clerk to close the case after the court received HCG's notice of voluntary dismissal without prejudice (Docket 107).

4. Attached hereto as Exhibit "C" is a true and correct copy of the email sent by counsel for PPPC to counsel for HCG dated November 9, 2015, asking if HCG would agree to dismiss its claims with prejudice or stipulate to a Rule 54(b) finality. As of the drafting of this motion, counsel for PPPC has not received a response to his email.

5. I have a recollection from the September 2, 2015 pretrial conference that Mr. Schmutz stated that HCG was not seeking damages in this case. Attached hereto as Exhibit "D" is a true and correct copy of the motion for attorney's fees filed by HCG wherein HCG repeated at page 5 that its purpose in filing the complaint was not to seek damages but to limit PPPC's damages.

I declare the foregoing is true and correct under penalty of perjury under the laws of the United States of America. Executed on this 12th day of November, 2015, at Santa Ana, California.

                                                              */s/ Scott E. Schutzman*
                                                              Scott E. Schutzman

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of November, 2015, she caused a true and correct copy of the foregoing **DEFENDANT PREFERRED PRODUCT PLACEMENT CORPORATION'S MOTION FOR A RULE 54(b) CERTIFICATION OF FINALITY SO APPEAL MAY PROCEED** to be delivered to the following via the Court's electronic notification system:

Evan A. Schmutz
Kimberly N. Barnes
DURHAM JONES & PINEGAR, P.C.
3301 North Thanksgiving Way, Suite 400
Lehi, Utah 84043
eschmutz@djplaw.com
kbarnes@djplaw.com

And all other persons or entities entitled to receive notice through PACER, pursuant to Fed. R. Civ. P. 5(b)(3) and D.U.Civ.R. 79-1.

/s/ Charisse Estrada_____