## UNITED STATES DISTRICT COURT DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| HCG PLATINUM, LLC, | |
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANT** |
| PREFERRED PRODUCT PLACEMENT CORPORATION, | **PREFERRED PRODUCT PLACEMENT CORPORATION'S MOTION FOR A RULE 54(b) CERTIFICATION OF FINALITY SO APPEAL MAY PROCEED** |
| Defendant. | |
| PREFERRED PRODUCT PLACEMENT CORPORATION, | Case No. 2:11-cv-496 |
| Counterclaimant, | Judge Robert J. Shelby |
| v. | |
| HCG PLATINUM, LLC | |
| Counterclaim Defendant. | |
| PREFERRED PRODUCT PLACEMENT CORPORATION, | |
| Third-Party Plaintiff, | |
| v. | |
| RIGHT WAY NUTRITION LLC; KEVIN WRIGHT; TY MATTINGLY; ANNETTE WRIGHT; PRIMARY COLORS, LLC; WEEKES HOLDINGS, LLC; and JULIE C. MATTINGLY; | |
| Third-Party Defendants. | |

1

Before the court is Defendant Preferred Product Placement Corporation's unopposed Motion for a Rule 54(b) Certification of Finality so Appeal May Proceed.  (Dkt. 120.)  PPPC moves the court for an order certifying the court's September 17, 2015 Order as final under Federal Rule of Civil Procedure 54(b).  The court GRANTS PPPC's Motion to Certify.

## BACKGROUND

Plaintiff HCG Platinum sued Defendant Preferred Product Placement Corporation for an alleged breach of the parties' Manufacturer's Representative Agreement.  PPPC counterclaimed, arguing that HCG Platinum breached the Manufacturer's Representative Agreement and the Noncircumvent Agreement.  PPPC also brought third-party alter ego claims against several third parties associated with HCG Platinum.

Shortly before trial, the court granted HCG Platinum and the Third-Party Defendants' motion in limine, precluding PPPC from introducing any evidence of damages at trial.  The court granted the motion because PPPC failed to comply with the requirement in Federal Rule of Civil Procedure 26 that plaintiffs disclose and supplement a computation of damages.

On September 17, 2015, the court granted HCG Platinum's Motion for Judgment and entered judgment against PPPC on its breach of contract and alter ego claims.[1]  HCG Platinum then filed a notice of voluntary dismissal of its affirmative claim without prejudice.  Next, the court granted HCG Platinum's motion for attorney fees and costs.  PPPC subsequently appealed.

On November 5, 2015, the Tenth Circuit tolled briefing on the merits sua sponte to consider summary dismissal for lack of appellate jurisdiction.  The Tenth Circuit explained that its appellate jurisdiction "is generally limited to review of final decisions" under 28 U.S.C. § 1291.[2]  But here, there was no final judgment for the Tenth Circuit to review, because HCG

---

[1] Dkt. 104.
[2] Dkt. 119.

Platinum voluntarily dismissed its claim without prejudice, not with prejudice.  The Tenth Circuit ordered PPPC to file within thirty days of the Order a copy of a district court order adjudicating HCG Platinum's claim or, if appropriate, certifying as final pursuant to Rule 54(b) its judgment as to PPPC's claims.  PPPC's motion for Rule 54(b) certification followed.

## DISCUSSION

In any suit involving multiple claims or parties, Federal Rule of Civil Procedure 54(b) allows a district court to enter final judgment as to less than all the claims or parties if the court expressly determines there is no just reason for delay.  While the rule "preserves the historical federal policy against piecemeal appeals," the rule's purpose "is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available."[3]

The Tenth Circuit has instructed that "trial courts should be reluctant to enter Rule 54(b) orders."[4]  Accordingly, certification under Rule 54(b) is appropriate only when a district court strictly adheres to the rule's requirements and clearly articulates the reasons behind two express determinations: first, "that the order it is certifying is a final order"; and second, "that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case."[5]  The court takes each requirement in turn.

## I.   The Order Entering Judgment Against PPPC on its Breach of Contract and Alter Ego Claims is a Final Judgment Under Rule 54(b).

"A decision is 'final' when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[6]  "In cases involving multiple claims or parties, a district

---

[3] *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (citation omitted) (internal quotation marks omitted).
[4] *Id.* at 1242 (citation omitted) (internal quotation marks omitted).
[5] *Id.* (citations omitted).
[6] *Koch v. City of Del City*, 660 F.3d 1228, 1235 (10th Cir. 2011) (citation omitted).

court's order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final decision unless the district court directs entry of a final judgment as to one or more claims or parties under Rule 54(b)."[7]  The Tenth Circuit has held that a "judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved."[8]  Put another way, a judgment is final if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."[9]  A "claim" generally includes "all factually or legally connected elements of a case."[10]

Courts tend to focus on two factors in determining separability: "(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief."[11]

The court's September 17, 2015 Order is a final judgment because it fully and finally resolved all of PPPC's claims against HCG Platinum and the Third-Party Defendants.  The only "remaining" claim in this case is HCG Platinum's breach of contract claim against PPPC, which HCG Platinum voluntarily dismissed without prejudice.

Citing *Cook v. Rocky Mountain Bank Note Co.*,[12] the Tenth Circuit stated in its November 5, 2015 Order that "[a] voluntary dismissal <u>without</u> prejudice of any remaining claims in the action does not render a final judgment."[13]  In *Cook*, the Tenth Circuit held that "when a plaintiff voluntarily requests dismissal of her remaining claims without prejudice in order to appeal from an order that dismisses another claim with prejudice, . . . the order is not 'final' for

---

[7] *Id.* (citation omitted) (internal quotation marks omitted).
[8] *Okla. Tpk. Auth.*, 259 F.3d at 1243.
[9] *Id.* at 1242 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).
[10] *Id.*
[11] *Id.* (citation omitted) (internal quotation marks omitted); *see also Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) (stating that "courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible").
[12] 974 F.2d 147, 148 (10th Cir. 1992).
[13] Dkt. 119.

purposes of § 1291."[14]  The court reasoned that a "plaintiff cannot be allowed to undermine the requirements of Rule 54(b) by seeking voluntar[y] dismissal of her remaining claims and then appealing the claim that was dismissed with prejudice."[15]

But here, it was HCG Platinum that requested dismissal of its remaining claim without prejudice—not PPPC.  And even though there is factual overlap between HCG Platinum's breach of contract claim and PPPC's breach of contract counterclaim, the issue on appeal is whether the court properly precluded PPPC from introducing any evidence of damages at trial and consequently entered judgment against PPPC.  This issue is separate and distinct from whether HCG Platinum or PPPC ultimately breached the contract between the parties.

What's more, the parties sought different relief.  PPPC sought over $7,000,000 in damages against HCG Platinum and the Third-Party Defendants, whereas HCG Platinum sought no damages.  Indeed, HCG Platinum repeatedly asserted that it was seeking only a declaration that it properly terminated the contract to limit and eliminate PPPC's claimed damages.[16]  Once the court entered judgment against PPPC on its breach of contract and alter ego claims, HCG Platinum no longer had any reason to pursue a declaratory judgment in its favor.

The court concludes its September 17, 2015 Order is a final judgment under Rule 54(b).

## II.  There is No Just Reason for Delay.

"No precise test has been developed for determining whether just cause exists for delay, but generally courts have weighed Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay."[17]  Factors for

---

[14] 974 F.2d at 148.

[15] *Id.*

[16] *See, e.g.*, Dkt. 108, at 5 (stating that "HCG was clear at the pretrial conference held on September 2, 2015, that it was simply pursuing its declaratory judgment that it properly terminated the contract to limit and eliminate PPPC's claimed damages").

[17] *United Bank of Pueblo v. Hartford Acc. & Indem. Co.*, 529 F.2d 490, 492 (10th Cir. 1976); *see also Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (stating that a "district court should act

determining "just cause" include "'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'"[18]

Here, there is no just cause for delay in entering a Rule 54(b) certification that the judgment entered on September 17, 2015, is final and appealable.  As explained above, the issue under review on appeal—whether the court properly precluded PPPC from introducing evidence of damages at trial and therefore entered judgment against PPPC on all its claims—is separable from HCG Platinum's breach of contract claim that it voluntarily dismissed without prejudice.

Moreover, while there is a chance there could be multiple appeals in this case if the Tenth Circuit reverses the court's September 17, 2015 Order, the Tenth Circuit will not have to decide the same issue more than once.  As already discussed, the issue on appeal is whether the court properly precluded PPPC from introducing damages evidence at trial and on that basis entered judgment against PPPC on all its claims.  But if there is another appeal in this case, the issue will likely relate to the breach contract claims between the parties.

Finally, it appears that HCG Platinum does not wish to pursue its claim.  This is evidenced by the fact HCG Platinum voluntarily dismissed its claim only a few days before trial was set to begin.  The injustice of requiring PPPC to wait an indeterminate length of time for HCG Platinum to refile its claim, for HCG Platinum to voluntarily dismiss its claim with

---

as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal").

[18] *Stockman's Water Co.*, 425 F.3d at 1265 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8); *see also Curtiss-Wright Corp.*, 446 U.S. at 8 (stating that a district court, "in deciding whether there are no just reasons to delay the appeal of individual final judgments[,] . . . must take into account judicial administrative interests as well as the equities involved").

prejudice, or for the statute of limitations to expire on HCG Platinum's claim weighs in favor of granting certification under Rule 54(b).

On balance, while there is a chance there could be multiple appeals in this case, the court finds there is no just reason for delay.

## CONCLUSION

For the reasons stated above, the court certifies under Federal Rule of Civil Procedure 54(b) that the judgment entered against PPPC is final and that no just reason for delay exists.

**SO ORDERED** this 2nd day of December, 2015.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge