THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| HCG PLATINUM, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> PREFERRED PRODUCT PLACEMENT CORPORATION, <br><br> Defendant. | |
| PREFERRED PRODUCT PLACEMENT CORPORATION, <br><br> Counter-Claimant, <br><br> vs. <br><br> HCG PLATINUM, LLC, <br><br> Counter-Claim Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:11-cv-00496 HCN DBP <br> Judge Howard C. Nielson, Jr <br> Chief Magistrate Judge Dustin B. Pead |
| PREFERRED PRODUCT PLACEMENT CORPORATION, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> RIGHT WAY NUTRITION LLC; KEVIN WRIGHT; TY MATTINGLY; ANNETTE WRIGHT; PRIMARY COLORS, LLC; WEEKES HOLDINGS, LLC; and JULIE C. MATTINGLY, <br><br> Third-Party Defendants. | |

This matter is before the court on a Motion for Bond filed by the HCG Parties.[1] Based upon an order following remand entered by Judge Waddoups, the HCG parties move the court for an order requiring the deposit of a security bond by Preferred Product Placement Corporation (PPPC) in advance of trial on this matter. The court will grant the motion in part.

This case has a long-storied history that is not necessary to repeat fully here. In short, PPPC was hired by HCG Platinum, LLC in 2010 to market its products to customers. After some initial optimism, things took a turn for the worse, and HCG Platinum filed suit for breach of contract alleging PPPC failed to perform under the contract. Following some dispositive rulings by this court on the eve of trial, PPPC appealed to the Tenth Circuit, and the matter was reversed and remanded. Upon remand, Judge Waddoups entered an order granting in part and denying in part the parties' respective motions.[2] As part of this order Judge Waddoups found any alleged prejudice to the HCG Platinum parties could be cured by certain lesser sanctions. Judge Waddoups specifically held:

> As part of its lesser sanction, at the close of trial, PPPC will be required to pay the HCG Platinum parties' reasonable attorney's fees for the time that counsel for the HCG Platinum parties reasonably must duplicate to prepare for trial.[3]

The HCG parties rely on this language in support of their motion. The HCG parties also point to the record in this case, including PPPC's answers claiming impecunity earlier in the matter following a judgment for attorney fees against PPPC that the HCG parties were unable to collect.

In response, PPPC argues there has already been a ruling that "all attorney's fee

---

[1] ECF No. 219. As noted in the motion, "currently the HCG Parties are Kevin Wright, Right Way Nutrition, LLC and HCG Platinum, LLC." Mtn. p. 2 fn 1. This matter is referred to the undersigned from Judge Howard C. Nielsen, Jr. under 28 U.S.C. § 636(b)(1)(A).
[2] Order on Motions Regarding Remand dated September 24, 2019, ECF No. 169.
[3] ECF No. 169 p. 14.

2

issues, including the attorney's fees against PPPC related to trial preparation a second time based on the new damage theory, will be decided after trial."[4] Thus, there is no need to for the court to require a bond. Moreover, HCG "has not been operating as a company for about 10 years", so there is no case law or legal basis for a bond against PPPC in the among of $500,000. The court is unpersuaded by PPPC's liberal reading of its prior order or its other arguments. Contrary to PPPC's assertions, there is a "lesser sanction" that has already been entered by the court and the factual record supports the requirement of a security bond.[5]

As noted by the HCG Parties, "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"[6] Whether or not to require a party to enter a security bond usually arises when considering a preliminary injunction or temporary restraining order.[7] And, the Tenth Circuit has noted this court has discretion for not requiring a security bond when an applicant for an injunction has "considerable assets" and was "able to respond in damages."[8]

Based on the factual record, Judge Waddoups already entered a "lesser sanction." The concern, however, as also reflected in the record, is PPPC's ability to pay any sanction. PPPC makes no representations about its financial condition in the pleadings, so the court is left to presume that the situation is still rather dire.

The HCG Parties seek a $500,000 bond stating that to date, they have expended

---

[4] Op. p. 3, ECF No. 223.
[5] PPPC's assertions of prior legal issues with HCG Party Kevin Wright are irrelevant to the current motion.
[6] *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386 (1962)).
[7] *See* Fed. R. Civ. P. 65(c).
[8] *See Monroe Div., Litton Bus. Sys., Inc. v. De Bari*, 562 F.2d 30, 32 (10th Cir. 1977).

more than $200,000 and anticipate spending approximately $300,000 more to prepare for trial. The court declines to enter the entire amount sought based on the uncertainty of total reasonable attorney fees at this time. Rather, in exercising its discretion, a bond in the amount of $250,000 is reasonable based on the factual record. Moreover, by ordering an amount presumably half than will be expended, the court seeks to curtail any attempts by the HCG Parties to unreasonably increase the amount of attorney's fees incurred in preparing for trial a second time. Following trial, the HCG Parties will still be required to provide documentation regarding the reasonableness of their fees before accessing funds from the bond posted by PPPC. If necessary, additional amounts pursuant to the court's prior order may also be sought following trial.

        Accordingly, the motion is GRANTED IN PART. PPPC is to deposit with the court a security bond in the amount of $250,000 within forty-five (45) days from the date of this order.

        IT IS SO ORDERED.

        DATED this 1 April 2024.

_____
Dustin B. Pead
United States Magistrate Judge