THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| HCG PLATINUM, LLC,<br><br>       Plaintiff,<br><br>vs.<br><br>PREFERRED PRODUCT PLACEMENT CORPORATION,<br><br>       Defendant. | |
| PREFERRED PRODUCT PLACEMENT CORPORATION,<br><br>       Counter-Claimant,<br><br>vs.<br><br>HCG PLATINUM, LLC,<br><br>       Counter-Claim Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Case No. 2:11-cv-00496 HCN DBP<br>Judge Howard C. Nielson, Jr<br>Chief Magistrate Judge Dustin B. Pead |
| PREFERRED PRODUCT PLACEMENT CORPORATION,<br><br>       Third-Party Plaintiff,<br><br>vs.<br><br>RIGHT WAY NUTRITION LLC; KEVIN WRIGHT; TY MATTINGLY; ANNETTE WRIGHT; PRIMARY COLORS, LLC; WEEKES HOLDINGS, LLC; and JULIE C. MATTINGLY,<br><br>       Third-Party Defendants. | |

This matter is before the court on Defendant and Counterclaimant Preferred Product Placement Corporation's (PPPC) Motion to Reconsider the court's Memorandum Decision and Order Imposing Bond Requirement.[1] Having carefully considered the court's prior order, the memoranda submitted by the parties, and the facts and law relevant to the motion, the court enters the following order denying PPPC's motion.

## BACKGROUND[2]

PPPC seeks reconsideration of the court's order granting in part the HCG Parties Motion for Bond. The HCG Parties sought a $500,000 security bond in advance of trial in this matter. After briefly outlining the history of this dispute, the court declined to enter the entire amount sought, reasoning that it was improper based on the uncertainty of total reasonable attorney fees. Instead, the court granted the motion in part, ordering PPPC to deposit with the court a security bond in the amount of $250,000, within forty-five days from the date of that order.

Approximately a day before the bond was due, PPPC filed the instant motion for reconsideration. Specifically, PPPC ask the court to enter an order declining to impose a bond, or in the alternative, to reduce the required bond to $30,000. Not surprisingly, the HCG Parties object to the motion.

## DISCUSSION

A "motion for reconsideration is an extreme remedy to be granted in rare circumstances."[3] The decision whether to grant such a motion, is committed to the "sound discretion" of the court.[4] When considering whether reconsideration is appropriate, a court will review whether (1) there has

---

[1] ECF No. 240.
[2] The court assumes the parties' familiarity this long running case and presents only facts relevant to the present Memorandum Decision and Order.
[3] *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).
[4] *Id.*

been "an intervening change in the law," (2) new evidence, or (3) a "need to correct clear error or to prevent manifest injustice."[5] A "motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[6]

In its opening brief, PPPC argues the court's prior order contains a clear error, and reconsideration is necessary to prevent manifest injustice.[7] The HCG Parties assert the motion fails because PPPC fails to articulate the "clear error" and now makes arguments in the current motion, which it could have made in opposition to the initial motion but failed to do so. Tellingly in response, PPPC states, "Candidly, this is true."[8] A motion for reconsideration fails when a party seeks to advance arguments that could have been raised in prior briefing. The cases cited to by PPPC do not point to a different result. The mere fact that a court may reconsider an order, does not, on PPPC's arguments, lead the court to do so here. Further, in support PPPC points to a self-serving declaration that estimates what the reasonable attorney's fees will be in re-preparing for trial. Presumably this declaration is offered so the court will reduce the bond. This declaration, however, does not move the ball in PPPC's direction. PPPC further argues the "lesser sanction" described in the court's order is "inherently backwards-looking" and it can only be properly determined by assessing the reasonableness of fees HCG incurs in duplicating prior trial preparation. Once again, this provides no basis for the court to reconsider its prior order. PPPC's position fails. There is no intervening change in the law, new evidence, or a need to correct clear error or prevent manifest injustice that warrant granting PPPC's motion.

Finally, in opposition to PPPC's motion, the HCG Parties seek additional sanctions

---

[5] *Id.*
[6] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citation omitted).
[7] *See* Mtn. p. 5, ECF No. 240.
[8] Reply p. 8, ECF No. 242.

pointing to PPPC's failure to pay the bond and its choice to file a motion for reconsideration. The court declines to enter additional sanctions or award fees.

## ORDER

PPPC's Motion for Reconsideration is DENIED. PPPC is ORDERED to comply with the court's prior order and deposit with the court a security bond in the amount of $250,000, within fourteen days from the date of this order.

DATED this 1 July 2024.

_____
Dustin B. Pead
United States Magistrate Judge